26 C.C.P.A.(Patents)

**KING KOLA MFG. CO. v. COCA-COLA CO.**
**Patent Appeal No. 4006.**

Court of Customs and Patent Appeals.

Nov. 28, 1938.

Clarence A. O'Brien, of Washington, D. C. (Thomas E. Turpin, Clarence R. Gorman, and Joseph A. O'Connell, all of Washington, D. C., of counsel), for appellant.

Harold Hirsch, Marion Smith, Frank Troutman, and Roy S. Jones, all of Atlanta, Ga., Edward S. Rogers, of Chicago, Ill., and Thomas L. Mead, Jr., of Washington, D. C., for appellee.

Before GARRETT, Presiding Judge, and HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

We are here called upon to review the decision of the Commissioner of Patents, speaking through the assistant commissioner, in which he reversed the decision of the Examiner of Interferences and sustained the opposition of appellee to appellant's application for the registration, as a trade-mark for use on a syrup and nonalcoholic beverage, of the notation "King Kola," printed in block type arranged in V-shaped formation in association with the representation of a crown located within such formation.

Appellant's application was filed under date of February 23, 1935, use of the mark being alleged "since July 20, 1934." Following publication of the notice of application, appellee filed notice of opposition to the registration, pleading therein various registrations by it and its predecessors in business of the notation "Coca-Cola" used on products conceded to be of the same descriptive properties as the products of appellant. Appellee alleged use of its mark as early as 1886. Among the certificates of registration cited is one of January 31, 1893, and another of January 31, 1928.

Both parties took testimony and we are confronted with quite a voluminous record. Much of the testimony on behalf of appellee is directed to the matter of showing confusion actually to have occurred and this question is argued pro and con in the briefs. It was the view of the Examiner of Interferences that such testimony, so far as this case is concerned, was not material on the right of registration. As we interpret the decision of the commissioner, he concurred in this view. He states:

"Both parties took testimony and have filed elaborate briefs. However, the issue to be determined is too simple to require extended discussion.

"* * * The determinative question presented on appeal is whether these two trade-marks so nearly resemble each other that their concurrent use on such goods would be likely to confuse the public or to deceive purchasers."

We concur in the view so expressed as to the simplicity of the issue to be determined. Indeed, the brief on behalf of appellant, while arguing other questions which under some circumstances might be regarded as pertinent in the case, states: "The only question in this case is whether there is such similarity between appellant's composite trade-mark, which consists of the words 'King Kola' and the representation of a crown, and appellee's trademark 'Coca-Cola' that is calculated to deceive the ordinary purchaser."

We are clearly of the opinion that the word portion of appellant's proposed mark constitutes its dominant feature. When the nature of the merchandise to which it is applied is considered, it is difficult to conceive of a purchaser giving the slightest consideration or thought to the symbol embraced in the representation of a crown.

In the case of Steinreich v. Coca Cola Co., 67 F.2d 498, 21 C.C.P.A., Patents, 722, cited in the decision of the commissioner in the instant case, this court affirmed the concurring decisions of the tribunals of the Patent Office, holding "Vera-Coca" to be confusingly similar with "Coca-Cola," citing and discussing other cases in which there had been conflicts between "Coca-Cola" and other marks, as well as cases involving other conflicting words. The brief on behalf of appellee here brings to our attention numerous other cases where its mark has been involved in either registration or unfair competition cases, but it does not seem necessary to review those cases here.

We concur in the view that there is such a similarity between the marks that confusion would likely result from their use on products having the same descriptive properties.

The decision of the Commissioner of Patents is accordingly affirmed.

Affirmed.

BLAND, Associate Judge, took no part in the consideration or decision of this case.

LENROOT, Associate Judge, concurs in the conclusion.